# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GLENN DAMOND**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 24-808-SDD-RLB**

**SID GAUTREAUX, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 30, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN DAMOND                                    CIVIL ACTION

VERSUS                                          NO. 24-808-SDD-RLB

SID GAUTREAUX, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the City of Baton Rouge (the "City") and the Parish of East Baton Rouge's (the "Parish") ("Defendants") Motion to Dismiss. (R. Doc. 10). Also before the Court are Glenn Damond's ("Plaintiff") oppositions to this Motion to Dismiss. (R. Docs. 20; 24).

## I.    Background

On August 12, 2024, Plaintiff, *pro se,*[1] filed suit against Sid Gautreaux (in his official capacity as Sheriff of East Baton Rouge Parish) ("Sheriff Gautreaux"), Deputy Gary Wilson (individually) ("Wilson"), and the City of Baton Rouge. (R. Doc. 1). The case was originally filed in the Eastern District of Louisiana. Plaintiff alleges he was wrongfully arrested and incarcerated, due to an arrest warrant issued by Wilson, for failing to register as a sex offender in East Baton Rouge Parish. Plaintiff has brought multiple claims (or counts) regarding the alleged wrongful arrest, but only brings three counts against the City and the Parish: (i) Count 7- malicious prosecution, (ii) Count 8- intentional infliction of emotional distress, and (iii) Count 9- unlawful issuing of an illegal warrant in violation of the 4th and 14th amendments and 42 U.S.C. § 1983.

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, a *pro se* plaintiff is not exempt from "procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). Courts therefore need not "create causes of actions . . . for *pro se* plaintiffs." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

On September 25, 2024, the City and Parish filed the instant Motion to Dismiss, noting that Plaintiff fails to allege any facts involving the City and the Parish and fails to allege his incarceration was caused through any action or inaction of the City or Parish. The City and Parish argue (i) neither the City nor Parish can be liable for the actions of a Sheriff's department, (ii) Plaintiff failed to plead facts to state a claim of negligence on the part of the City or Parish, and (iii) Plaintiff failed to plead facts to state a constitutional claim against the City and Parish because he has not established what unconstitutional policy the City or the Parish maintained. Defendants also argued Plaintiff filed his Complaint in the wrong district. On September 30, 2024, this case was moved to this Court, rendering that issue moot. (R. Doc. 15).

On October 9, 2024, Plaintiff filed an opposition, arguing he brought a constitutional claim against the City and the Parish because municipalities are liable under 42 U.S.C. § 1983 if they subject a person to a deprivation of rights through an official policy that causes the constitutional violation. Plaintiff argues the East Baton Rouge Sheriff's Office ("EBRSO") employed an "unlawful custom of unlawfully arresting citizens[.]" (R. Doc. 20). Plaintiff points out that the Complaint states the "City of Baton Rouge is a municipality and is sued for the customs and polic[i]es adopted and maintained by Sheriff Gautreaux." (R. Doc. 1 at ¶ 59).

On October 11, 2024, Plaintiff filed another opposition to the City and the Parish's Motion to Dismiss, noting that Baton Rouge's news channel WAFB reported that a series of illegal arrests were carried out by the EBRSO, and that these actions were tolerated by Sheriff Gautreaux, the City, and the Parish. (R. Doc. 24). He argues a suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. Thus, Plaintiff argues, Plaintiff's claims against Sheriff Gautreaux, in effect, are claims against the municipal entity he represents, East Baton Rouge Parish and the City of

Baton Rouge. *Id.* Plaintiff argues that because the City and the Parish allowed the arrest, they are liable for all of Plaintiff's claims against them that are based on that arrest.

## II.    Law and Analysis

### A.    Legal Standards

A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of a complaint against Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive such a motion, a pleading's language, on its face, must demonstrate that there is a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). In determining whether it is plausible a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but looks for facts that support the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a Fed. R. Civ. P. 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In exercising their discretion, courts consider factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [due to] the amendment, and futility of the amendment." *Nolan v. M/V Sante Fe*, 25 F.3d 1043 (5th Cir. 1994) (citation omitted).

### B.    Analysis

#### i.    Count 7: Malicious Prosecution

In support of his malicious prosecution claim specifically against the City and Parish, Plaintiff alleges only the following in his Complaint:

- "Defendants Gautreaux adopted and maintained an official policy whereby citizens are illegally arrested in East Baton Rouge by his office. Officers in these cases are not

4

corrected, reprimanded nor fired." (R. Doc. 1 at ¶ 43). Plaintiff cites three cases and a news article involving wrongful arrests made by the EBRSO. (R. Doc. 1 at ¶ 43-48).

- "City of Baton Rouge is a municipality and is sued for the customs and polic[i]es adopted and maintained by sheriff Gautreaux." (R. Doc. 1 at ¶ 59).

- On "March 21, 2024, in issuing an illegal warrant, [the City and Parish] commenced malicious prosecution of [Plaintiff]. Wilson is liable by direct actions, Gautreaux liable by superior liability and City of Baton Rouge liable by customs and policies." (R. Doc. 1 at ¶ 109-110).

- On July 3, 2024, Plaintiff "was arrested in St[.] Tammany Parish awaiting extradition to East Baton Rouge. After a conversation between the St. Tammany Sheriff Office in St. Tammany with the EBRSO, the warrant was recalled[,] and Plaintiff was released [on] July 9, 2024, after 2 PM." (R. Doc. 1 at ¶ 111-112).

- Plaintiff's "cause of action for malicious prosecution accrued on March 21, 2024, and then ended July 9, 2024 in [Plaintiff's] favor. As a . . . result of his false arrest, [he] suffered actual physical, mental, and emotional harms." (R. Doc. 1 at ¶ 113-114).

The City and Parish argue they cannot be liable for a malicious prosecution allegedly caused by Wilson's arrest warrant, because they cannot be liable for the actions of a deputy sheriff such as Wilson, even under 24 U.S.C. § 1983. This Court agrees.

"In Louisiana, a parish sheriff occupies a constitutional office which exists and functions independently of the governing body of the parish." *Kraft v. Lee*, No. 06-2846, 2006 WL 3395592, at *2-*3 (E.D. La. Nov. 22, 2006). Thus, "[t]he law is well settled that a parish or municipality[, such as a city,] is not liable for the actions of a deputy sheriff." *Johnson v. Doe,* 410 So. 2d 365, 367 (La. Ct. App. 1982) (citation omitted). "Many courts have recognized that, in Louisiana, the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff, and therefore, parishes cannot be vicariously liable under state law or pursuant to *Monell* for the actions of the sheriff and his or her deputies." *Gunning v. Par. of Franklin,* No. CV 16-1763, 2017 WL 941827, at *3 (W.D. La. Feb. 14, 2017), *report and recommendation adopted,* No. CV 16-1763, 2017 WL 939011 (W.D. La. Mar. 9, 2017) (collecting cases). Based on the foregoing, it is clear the City and Parish cannot

be held liable for Plaintiff's malicious prosecution claim or any other claims based on the actions of Wilson. This Court therefore finds Plaintiff's malicious prosecution claim against the City and the Parish must be dismissed with prejudice.

      **ii.**      **Count 8: Intentional Infliction of Emotional Distress**

In support of his intentional infliction of emotional distress claim specifically against the City and Parish, Plaintiff alleges only the following in his Complaint:

- "City of Baton Rouge is a municipality and is sued for the customs and polic[i]es adopted and maintained by sheriff Gautreaux." (R. Doc. 1 at ¶ 59).

- "[A]s a direct and proximate result of the Defendants' conduct, [Plaintiff] suffered significant psychological and physical harms. [Plaintiff] experienced constant anxiety and sleeplessness for several weeks following the arrest, sleeping only 2-3 hours a night[ d]ue to this anxiety and fears and distresses." (R. Doc. 1 at ¶ 116-117).

- "Due to this anxiety, fears and distresses [Plaintiff] also had difficulty eating solid food for a week after the arrest. These psychological damages also impacted [Plaintiff's] ability to provide care for his mother who suffered a stroke, for whom he is the caregiver." (R. Doc. 1 at ¶ 118-119).

- "These psychological damages also impacted [Plaintiff's] ability to be social as he fears leaving home and when he must leave, he his suffers fears when he sees a sheriff vehicle or police vehicle, so much so that several times he almost drove off the road fearing they were about to put him back in jail." (R. Doc. 1 at ¶ 120).

- "Plaintiff's weight dropped from 201 to 193 in 3 days as proven from Exhibit 9 and the Prison doctors' examination[]. Plaintiff suffered with severe emotional trauma[,] inability to sleep, anxiety[,] weight loss[, and] fears thinking Defendants were attempting to illegally bring Plaintiff back into their Jurisdiction to kill him[ a]s this prison has the highest death rate of inmates in the nation." (R. Doc. 1 at ¶ 121-122).

The Court finds the claim cannot succeed. Again, the City and Parish cannot be liable for Wilson's actions. Any source of emotional distress alleged by the Plaintiff is due to the actions of Wilson and are not attributable to the City or Parish. Further, even if Plaintiff has sufficiency alleged that Wilson's conduct was extreme or outrageous, there is no allegations that the City or Parish committed such conduct or that the City or Parish desired to inflict emotional distress on Plaintiff. *In re 1994 Exxon Chem. Plant Fire,* No. 06-0117, 2005 WL 6252298, at *2 (M.D. La.

Feb. 15, 2005), *report and recomm-endation adopted,* No. 05-1639, 2005 WL 6252313 (M.D.

La. Apr. 26, 2005) (citation omitted) ("must establish (1) that the conduct of the defendant was

extreme and outrageous, (2) that the emotional distress suffered by the plaintiff was severe, and

(3) that the defendant desired to inflict severe emotional distress or knew that severe emotional

distress would be certain or substantially certain to result[.]"). This claim should also be

dismissed with prejudice.

      **iii.**      **Count 9: Unlawful Issuing of Illegal Warrant in Violation of the 4th and 14th Amendments and 42 U.S.C. § 1983**

In support of his constitutional and 42 U.S.C. § 1983 claims specifically against the City

and Parish, Plaintiff alleges only the following in his Complaint:

- "City of Baton Rouge is a municipality and is sued for the customs and polic[i]es adopted and maintained by sheriff Gautreaux." (R. Doc. 1 at ¶ 59).
- "Defendant Wilson was a state actor acting under the color of law and pursuant to EBRSO policies, customs, and practices." (R. Doc. 1 at ¶ 127).
- "[On] March 21, 2024, Wilson[,] in issuing an illegal warrant[,] subjected [Plaintiff] to lose his life and liberty for 104 days, from March 21, 2024, to July 3, 2024 [and t]hen July 3, 2024, until July 9, 2024[.]" (R. Doc. 1 at ¶ 129).
- "Neighbors of [Plaintiff] informed him that sheriff officers came to his home with guns drawn out looking for him." (R. Doc. 1 at ¶ 130).

A municipality may be held liable under 42 U.S.C. § 1983 "for a deprivation of rights

protected by the Constitution or federal law only if that deprivation is inflicted pursuant to an

official, municipal policy." *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995).

Defendant argues Plaintiff has not properly pled a constitutional claim under 24 U.S.C. § 1983

because Plaintiff has not shown an official policy existed or caused Plaintiff's wrongful arrest.

Plaintiff argues that because a number of wrongful arrests have been made by the EBRSO since

2015, the City and Parish may be found to have a policy in place under 24 U.S.C. § 1983

because patterns of practice may be considered policies if they are continually allowed.

This Court finds that while Plaintiff has shown that the Baton Rouge Sheriff's office makes occasional wrongful arrests, he has not revealed that they happen so often that a pattern of practice by the EBRSO is apparent, or that even if it were, that the City or the Parish is liable. *See Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*) ("Official policy [under 24 U.S.C. 1983] is: (1) A policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official . . . delegated policymaking authority; or (2) A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy."). This Court further finds that, regarding the EBRSO, the City, and the Parish, Plaintiff has not established that the warrant for Plaintiff's arrest was issued specifically *because* of any alleged policy. *See Valle v. City of Houston*, 613 F.3d 536, 541-542 (5th Cir. 2010) (citation omitted) ("The third prong requires a plaintiff to prove 'moving force' causation. To succeed, 'a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'"). Plaintiff has therefore failed to properly allege a constitutional claim pursuant to 24 U.S.C. § 1983 against the City or the Parish.

Most importantly and as explained above, the City and Parish do not have authority over Wilson or Sheriff Gautreaux. *See Broussard v. Foti,* No. CIV.A . 00-2318, 2001 WL 258055, at *2 (E.D. La. Mar. 14, 2001) (citing La. Const. art. 5 § 27) ("Under Louisiana law, the authority of the [] Sheriff is derived from the state Constitution, not from the City[]."). Thus, with regard to this and all of the Counts against the City and Parish, amendment to the Complaint would be futile.

**III.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss (R. Doc. 10) be **GRANTED**, with

all of Plaintiff's claims against the City and Parish being **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on July 30, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**