# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GLENN DAMOND**                                          **CIVIL ACTION**

**VERSUS**                                               **NO. 24-808-SDD-RLB**

**SID GAUTREAUX, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 6, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GLENN DAMOND**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 24-808-SDD-RLB**

**SID GAUTREAUX, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Sid Gautreaux (in his capacity as Sheriff of East Baton Rouge Parish) ("Sheriff Gautreaux") and Gary Wilson's (individually) ("Deputy Wilson") Motion to Dismiss. (R. Doc. 22). Also before the Court is Glenn Damond's ("Plaintiff") Opposition to Sid Gautreaux and City of Baton Rouge Motion to Dismiss and Motion to Convert into Summary Judgment against Defendants City of Baton Rouge, Sid Gautreaux and Wilson (the "Motion to Convert"). (R. Doc. 25). Also before the Court are Defendants' Reply Memorandum in Support of Motion to Dismiss, the City of Baton Rouge and Parish of Baton Rouge's Opposition to Plaintiff's Motion to Convert into Summary Judgment, and Plaintiff's reply. (R. Docs. 27; 28; 29).

### I.      Background

On August 12, 2024, Plaintiff filed suit against Sheriff Gautreaux, Deputy Wilson, (together, "Defendants") and the City of Baton Rouge.[1] (R. Doc. 1). The case was originally filed in the Eastern District of Louisiana and was moved to this district on September 30, 2024. (R. Doc. 15). Plaintiff alleges that, due to an arrest warrant obtained by Deputy Wilson, he was wrongfully arrested and incarcerated in St. Tammany Parish, pursuant to La. R.S. 15:542, for failing to register as a sex offender in East Baton Rouge Parish, despite the fact that he had registered in St. Tammany Parish, where he resided. Plaintiff brought multiple claims or counts regarding the arrest.

---

[1] Plaintiff brings a violation of the 4th and 14th Amendments and 42 U.S.C. § 1983 claim against "Defendant Holmes" for the unlawful obtaining of an illegal warrant, as well as a false arrest claim. Plaintiff makes no specific allegations regarding this defendant, never provided his or her full name, and never served him or her.

On October 11, 2024, Sheriff Gautreaux and Deputy Wilson filed the Motion to Dismiss, arguing Plaintiff's Complaint cannot survive a Fed. R. Civ. P. 12(b)(6) analysis. (R. Doc. 22). On October 30, 2024, Plaintiff filed his Motion to Convert. (R. Doc. 25). In response, on November 13, 2024, Defendants filed a Reply Memorandum in Support of Motion to Dismiss, reiterating their arguments from the Motion to Dismiss and pointing out that the Motion to Convert exceeds twenty-five pages in violation of this district's Local Rule 7 and that summary judgment is not appropriate at this early stage of the proceedings. (R. Doc. 27). On November 15, 2025, the City of Baton Rouge and the Parish of Baton Rouge filed their Opposition to the Motion to Convert, also noting the motion's violation of Local Rule 7 and its prematurity. (R. Doc. 28). Plaintiff replied that the Motion to Convert should be granted and asked that this Court accept the Motion to Convert as an opposition to Defendants' Motion to Dismiss should this Court deem the Motion to Convert inappropriate. (R. Doc. 29). The Court will consider the Motion to Convert as an opposition to the Motion to Dismiss, despite the fact that it does not comply with Local Rule 7. Plaintiff must comply with this rule in the future.

## II.    Law and Analysis

### A.    Legal Standards

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, they are not free "from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). Courts need not "search for or . . . create causes of actions" for *pro se* plaintiffs. *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted). Thus, a *pro se* complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F. 2d 99, 100 (5th Cir. 1993) (citation omitted).

A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of a complaint against Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive such a motion, a pleading's language, on its face, must demonstrate that there is a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). In determining whether it is plausible a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but looks for facts that support the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a Fed. R. Civ. P. 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a motion to dismiss raises the defense of qualified immunity, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm . . . alleged and that defeat a qualified immunity defense with equal specificity." *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (citation omitted).

Courts must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In exercising their discretion, courts consider factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [due to] the amendment, and futility of the amendment." *Nolan v. M/V Sante Fe*, 25 F.3d 1043 (5th Cir. 1994) (citation omitted).

**B.    Analysis**

    **i.    Count 1: 4th and 14th Amendments and 42 U.S.C. § 1983 Claims Against Deputy Wilson for Unlawful Arrest of Plaintiff**

In Count 1, Plaintiff brings claims against Deputy Wilson, individually, under the 4th Amendment, the 14th Amendment, and 42 U.S.C. § 1983 for the alleged unlawful arrest of Plaintiff.

Defendants argue Deputy Wilson is protected by qualified immunity because Plaintiff fails to show he lacked probable cause in securing the warrant of arrest.

Plaintiff argues Deputy Wilson is not protected by qualified immunity because he obtained the warrant "without even establishing Plaintiff has residence in [] East Baton Rouge[.]"[2] (R. Doc. 25 at 7). In the Complaint, Plaintiff states that "[a]ny reasonable officer would have known that placing a warrant for Plaintiff's arrest, Mr. Wilson under these circumstances would violate his clearly established constitutional rights." (R. Doc. 1 at ¶ 67). Also in the Complaint, Plaintiff alleges Deputy Wilson lacked probable cause because he obtained the warrant "without establishing [Plaintiff]'s residence anywhere [] in East Baton Rouge in 2024 or from 2020 - 2024." (R. Doc. 1 at ¶ 90).

"When an individual asserts a claim for wrongful arrest, qualified immunity will shield the defendant officers from suit if a reasonable officer could have believed the arrest at issue to be lawful[.]" *Mendenhall v. Riser,* 213 F.3d 226, 230 (5th Cir. 2000) (quotations and citations omitted) (cleaned up). The qualified immunity standard "gives ample room for mistake" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 343, 341, 106 S. Ct. 1092, 89 L.Ed.2d 271 (1986). However, "a qualified immunity defense cannot succeed where it is obvious that a reasonably competent officer would find no probable cause." *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir. 1994) (citation omitted).

In the Complaint, Plaintiff fails to allege sufficient facts to reveal Deputy Wilson had no probable cause to obtain an arrest warrant based on the facts available at the time. Plaintiff alleged in the Complaint that he did not reside in East Baton Rouge Parish at the time of the arrest, but only

---

[2] Sex offenders "shall register in person with the sheriff of the *parish of the person's residence, or residences*, if there is more than one, and with the chief of police if the address of any of the person's residences is located in an incorporated area which has a police department." La. R.S. 15:542 (emphasis added).

implies that Deputy Wilson must have known this. Further, Plaintiff never alleges whether he was working or attending school in East Baton Rouge Parish at the time of the arrest.[3] *See* La. R.S. 15:542 ("The offender shall also register in person with the sheriff of the parish or parishes where the offender is an employee and with the sheriff of the parish or parishes where the offender attends school.").

It is also not clear from the Complaint what knowledge Deputy Wilson had when he obtained the arrest warrant or what information Deputy Wilson included in the affidavit he used to obtain the arrest warrant. Neither the warrant or the affidavit, or the contents of either, are alleged in the Complaint. *Compare McLin v. Ard,* 866 F.3d 682, 695 (5th Cir. 2017) (A plaintiff adequately established that members of a sheriff's office had no probable cause by alleging "that, upon linking [social media] comments to [the plaintiff], and with knowledge that [the plaintiff's] comments were protected by the First Amendment, the Defendants met and conspired to create falsified affidavits for the purpose of obtaining arrest warrants on charges of criminal defamation.").

While Plaintiff alleges, in opposition to the Motion to Dismiss, that Deputy Wilson knew Plaintiff did not reside in East Baton Rouge Parish but still misled the judge to issue a warrant,[4] this was not alleged in the Complaint. (R. Doc. 25-2 at 20). Accordingly, this Court finds Plaintiff's

---

[3] The Complaint's exhibits show that, on December 22, 2023, Plaintiff's parole plan required him to stay within the Covington District Probation Office's limits (in St. Tammany Parish) until March 24, 2027, and it was noted he lived in Covington, was unemployed, and was attending university online. (R. Docs. 1-1; 1-2). It appears Plaintiff had no links to East Baton Rouge in December of 2023, but it is unclear whether this was true at the time of the arrest.

[4] "Not only did Wilson knew he was in error. Their office still tried to prosecute Plaintiff if was not for another sheriff office stepping in. This is on top of Defendant Wilson misleading the judge to issue a warrant for someone who was not in his jurisdiction to residence. Nor has been in five years. If Plaintiff did fail to register, Wilson still would not have the jurisdiction to issue a warrant because he can not establish in his records that plaintiff had a residence in East Baton Rouge in 2024, 2023, 2022, 2021, or 2020. Therefore, Immunity must be DENIED. . . . From the reading of Paragraphs 89 and 90 of Plaintiff's complaint. Defendant Wilson never had probable cause to issue a warrant for Plaintiff because Plaintiff again, had no residence in the East Baton Rouge Parish in five years. The court can also see that this information was withheld from the affidavit of probable cause because no Judge would have signed a warrant of that nature. . . . Defendant Wilson knew from the computer information about registered sex offenders that Plaintiff had no established residence with him[.]" (R. Doc. 25-2 at 8, 9, 10, 11).

claim against Deputy Wilson may be dismissed without prejudice. It is recommended, however, that Plaintiff be allowed to amend to add any applicable information addressed above.

### ii. Count 2: 1st and 14th Amendments and 42 U.S.C. § 1983 Claims Against Deputy Wilson for Retaliatory Arrest of Plaintiff

In Count 2, Plaintiff brings claims against Deputy Wilson, individually, under the 1st Amendment, the 14th Amendment, and 42 U.S.C. § 1983 for the alleged retaliatory arrest of Plaintiff. Plaintiff argues the arrest was retaliatory because he had another lawsuit against Sheriff Gautreaux, in the 19th J.D.C., pending at the time of the arrest. Defendants argue Plaintiff has provided no factual support for the conclusions (i) that the arrest occurred because of the pending lawsuit or (ii) that the arrest deterred Plaintiff from participating in that suit. This Court agrees, based on the following, and finds this claim against Deputy Wilson is dismissible.

"To state a valid claim for retaliation under section 1983, a [plaintiff] must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the [plaintiff] for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citation omitted). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted). "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff fails to provide facts to support a conclusion that the motive for Plaintiff's arrest was retaliation against Plaintiff's suit against Sheriff Gautreaux. He only makes a conclusory allegation that the arrest was retaliatory; this is not sufficient. *See Jones,* 19 F.3d at 325 (citation omitted ("The inmate must allege more than his personal belief that he is the victim of retaliation."). Plaintiff therefore fails to show that the arrest would not have occurred had Plaintiff's suit against

Sheriff Gautreaux not existed. Consequently, the Court finds that Plaintiff has not alleged facts that support a retaliatory arrest claim.

As with Count 1, it is recommended that Plaintiff be given an opportunity to amend Count 2. Any amendment should provide any additional information regarding the timing of Plaintiff's lawsuit against Sheriff Gautreaux in relation to Plaintiff's arrest and whether Deputy Wilson had any knowledge about the suit. *See Mooney v. Lafayette Cnty. Sch. Dist.*, 538 F. App'x 447, 454 (5th Cir. 2013) (citation omitted) ("The causal connection prong may also be satisfied when the plaintiff relies upon a chronology of events from which retaliation may plausibly be inferred"). Plaintiff should also, consistent with any amendment to Count 1, set forth allegations as to why there was no probable cause for the issuance of the warrant for his arrest. *See Miller v. Salvaggio,* No. SA-20-CV-00642-JKP, 2021 WL 3474006, at *6 (W.D. Tex. Aug. 6, 2021) ("A retaliatory arrest or prosecution claim also requires a plaintiff plead and prove the absence of probable cause[.]"); *see also Robles v. Ciarletta,* 797 F. App'x 821, 830 (5th Cir. 2019) (citations and quotations omitted) ("Even where a citizen believes that he has been subject[ed] to a retaliatory detention or arrest, if there was reasonable suspicion or probable cause for an officer to seize the citizen, the objectives of law enforcement take primacy over the citizen's right to avoid retaliation.").

### iii.     Count 3: *Monell* Claims for Violations of the 1st, 4th, and 14th Amendments and 42 U.S.C. § 1983 Against Sheriff Gautreaux

In Count 3, Plaintiff brings *Monell* claims against Sheriff Gautreaux, pursuant to 42 U.S.C. § 1983, for violations of the 1st, 4th, and 14th Amendments. Defendants argue Plaintiff has revealed no official policy of Sheriff Gautreaux that encouraged illegal arrests and has not shown Deputy Wilson's actions resulted from Sheriff Gautreaux's failure to train or discipline deputies. Plaintiff

argues he has revealed a policy because he cited fifteen unlawful arrests by Defendants in his Complaint, three unlawful arrest suits and a 2014 article that addressed twelve arrests.

To establish his constitutional claims pursuant to 42 U.S.C. § 1983, Plaintiff must allege "the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citation omitted). He must allege "(1) an official policy[], of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id.,* at 541-542. "Official policy is: (1) A policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official . . . delegated policymaking authority; or (2) A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*).

With regard to the first element of a 42 U.S.C. § 1983 claim, this Court finds that, while he has shown the East Baton Rouge Sheriff's Office (the "EBRSO") has made wrongful arrests in the past, Plaintiff has not revealed a current pattern of practice or any connection between the instant case and any other analogous arrests. Plaintiff has not sufficiently alleged that there has been a large number of confirmed and repeated wrongful arrests at the EBRSO. Plaintiff has not sufficiently alleged that the EBRSO has consistently misapplied La. R. S. 15:542 and obtained unlawful warrants. Plaintiff has not sufficiently alleged that the EBRSO has consistently obtained arrest warrants lacking probable cause in retaliation for filing lawsuits. *See Burge v. St. Tammany Parish,* 336 F. 3d 363, 370 (5th Cir. 2003) (citation omitted) ("Where prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants

the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'").

Regarding the second element, Plaintiff has alleged information revealing Sheriff Gautreaux has constructive knowledge of some of the EBRSO's improper arrests, but not to any extent to give rise to an official policy. As for the third element, this Court finds it has not been met as Plaintiff fails to show he was wrongfully arrested *because* of any policy. Plaintiff has only shown he was arrested for a failure to register as a sex offender. *See Valle*, 613 F.3d at 542 (citation omitted) ("The third prong requires a plaintiff to prove 'moving force' causation. To succeed, 'a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'"). As Plaintiff has not properly pled all of the elements of a 42 U.S.C. § 1983 claim, this claim may be dismissed.

To the extent Plaintiff is alleging a 42 U.S.C. § 1983 claim against Sheriff Gautreaux based on pattern or practice involving a failure to train or discipline, Plaintiff's claim can still not succeed. "[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (citation omitted). Plaintiff has failed to allege how any of the training required the EBRSO was insufficient.

### iv.    Count 4: False Arrest Claim Against Deputy Wilson

In Count 4, Plaintiff brings a false arrest claim, or false imprisonment claim, against Deputy Wilson. Defendants argue Plaintiff has not properly brought a false arrest claim because he again has not shown Deputy Wilson did not have probable cause to obtain a warrant. Plaintiff argues Deputy Wilson could not have had probable cause because Plaintiff has not lived in East Baton Rouge for the past five years and had no residence in Baton Rouge when Deputy Wilson sought the

10

warrant. (R. Doc. 25-2 at 4). Essentially, the deficiencies identified with respect to Count 1 equally apply here.

"The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention." *Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So. 2d 669, 690 (citation omitted). However, "[t]he jurisprudence of [Louisiana] allows civil damages for false arrest only where there has been insufficient probable cause to sustain the arrest and the party has not been convicted of the crime with which they were charged." *Gibson v. State*, 1999-1730 (La. 4/11/00), 758 So. 2d 782, 791 (citations omitted). Because Plaintiff has not adequately alleged that Deputy Wilson lacked probable cause to obtain the arrest warrant, the false imprisonment claim also has not been properly alleged.

As with Count 1, it is recommended that Plaintiff be given an opportunity to amend Count 4 regarding the specific lack of probable cause in obtaining the warrant for his arrest.

### v.    Count 5: Vicarious Liability Against Sheriff Gautreaux for Arrest

In Count 5, Plaintiff alleges Sheriff Gautreaux is vicariously liable for the false arrest of Plaintiff. Defendants argue that, because Article 2320 of the La. Civil Code provides that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed[,]" if the false arrest claim against Deputy Wilson is dismissed, Plaintiff's claim against Sheriff Gautreaux pursuant to vicarious liability should also be dismissed. Plaintiff argues Defendants' argument does not address the merits of his claim. (R. Doc. 25-2 at 24). This Court, however, agrees with Defendants. As the false arrest claim against Deputy Wilson may be dismissed, the vicarious liability claim may be as well.

Accordingly, based on the Complaint as written, Count 5 fails for the same reason as Counts 1 and 2. If Plaintiff amends his Complaint and adequately alleges Deputy Wilson lacked probable cause for the arrest and that it was made in retaliation for Plaintiff's suit against the Sheriff, however, the vicarious liability claim will survive.

### vi.    Count 6: Violations of the Separation of Powers Against Defendants

Plaintiff alleges Deputy Wilson and Sheriff Gautreaux were "exercising a power belonging to legislation." (R. Doc. 1 at 19). Defendants argue this claim simply reiterates the claim for false arrest and is not sufficiently supported factually. Plaintiff argues that Defendants' response is a concession. (R. Doc. 25-2 at 29).

The Court finds that Plaintiff has failed to allege how Defendants were participating in legislative actions. At most, Plaintiff makes a conclusory allegation that Deputy Wilson "implemented a new sex offender law making Plaintiff . . . have to register with [EBRSO and] also in addition with St. Tammany Parish[.]" (R. Doc. 1 at ¶ 10). Whether Deputy Wilson improperly obtained an arrest warrant under applicable law is redundant with other counts. Plaintiff identifies a duly enacted statute requiring sex offender registration under certain circumstances. He claims that the facts of his case did not support a violation of that statute.

There is nothing in the allegations, however, to support any claim that either defendant created or implemented any new law. There is no allegation that they otherwise participated in the legislative process. Plaintiff's separation of powers claim cannot rest on this conclusory assertion and Count 6 should be dismissed.

### vii.   Count 7: Malicious Prosecution Claim Against Defendants

Plaintiff alleges his arrest and release was a malicious prosecution for which Defendants may be liable. Defendants argue that because no prosecution of Plaintiff occurred, Defendants cannot be liable for an alleged malicious prosecution. Plaintiff argues that the "charges against him

[being] dismissed . . . raises a presumption of malice and no probable cause." (R. Doc. 25-2 at 23). This Court agrees with Defendants, based on the following.

> The elements of malicious prosecution, in Louisiana, are:
>
> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

*Lemoine v. Wolfe,* 168 So. 3d 362, 367 (La. 2015). Plaintiff has not alleged he was charged with and prosecuted for failing to register as a sex offender. He has only alleged that he was arrested and then released after the subject warrant was recalled days later. (R. Doc. 1 at 5). As Plaintiff has not alleged a "commencement or continuance of a[ ]judicial proceeding[,]" he has not properly alleged a malicious prosecution claim and Count 7 should be dismissed.

### viii.    Count 8: Intentional Infliction of Emotional Distress

Plaintiff brings an intentional infliction of emotional distress (IIED) claim against Defendants based on the distress he experienced due to the arrest and confinement. Defendant argues Plaintiff has not alleged facts sufficient to support an intentional emotional distress claim. In opposition, Plaintiff simply reiterates his allegations regarding the mental anguish he experienced. (R. Doc. 25-2 at 18).

The elements of an IIED claim are (1) that the conduct of the defendant was extreme and outrageous, (2) that the emotional distress suffered by the plaintiff was severe, and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result." *In re 1994 Exxon Chem. Plant Fire,* No. 06-0117, 2005 WL 6252298, at *2 (M.D. La. Feb. 15, 2005), *report and recommendation adopted,* No. 05-1639, 2005 WL 6252313 (M.D. La. Apr. 26, 2005) (citation omitted).

While Plaintiff alleges Defendants had him arrested as a retaliation to his suit against Sheriff Gautreaux, the Complaint as alleged is not sufficient for the Court to find that there was a lack of probable cause to support the issuance of the warrant. Without that showing, the Plaintiff has not properly alleged that the conduct of the defendants was "extreme" or "outrageous."

Accordingly, based on the Complaint as written, Count 8 fails for the same reason as Counts 1 and 2. If Plaintiff amends his Complaint and adequately alleges Deputy Wilson lacked probable cause for the arrest and that it was made in retaliation for Plaintiff's suit against the Sheriff, however, the IIED claim could survive.[5] Plaintiff may also amend this claim to address any other argument raised by the defense.

### ix.    Count 9: Violation of the 4th and 14th Amendments and 42 U.S.C. § 1983 Claim Against Deputy Wilson and Sheriff Gautreaux for Obtaining Illegal Warrant

The caption to Count 9 indicates that the allegations are against Sheriff Gautreaux and Defendant "Holmes" under federal law.[6] To the extent that Count 9 is directed to Deputy Wilson, the allegations asserted in Count 9 for the obtaining of an illegal warrant are essentially a restatement of Plaintiff's claim against Deputy Wilson in Count 1. Those allegations are duplicative and repetitive and are therefore subject to dismissal.

Plaintiff also alleges in Count 9 that Sheriff Gautreaux is vicariously liable for Deputy Wilson obtaining an illegal arrest warrant (Count 1) in violation of 42 U.S.C. § 1983. Plaintiff makes no reference to any of Sheriff Gautreaux's actions, only describing what actions Deputy Wilson took. As such, Count 9 relies on a theory of respondeat superior.

---

[5] The defense can re-urge any challenge to the sufficiency of any other element of this Count, such as whether the alleged emotional distress he suffered was severe. (R. Doc. 1 at 21-22) (constant anxiety and sleeplessness for several weeks, difficulty eating solid food, impact on his ability to care for an infirm family member, fear to leave home or engage with police, loss of 8 pounds in three days).

[6] The caption of Count 9 references "Defendant Holmes." Although mentioned a few other times in the 29 page complaint, it does not appear that Plaintiff maintains that Holmes is a defendant. Considering Holmes' actions are never detailed and Holmes was never served, any claims against a defendant Holmes should be dismissed without prejudice.

Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978) (The language of § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor."); *see also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (citation omitted) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"); *see also Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) (quotations and citations omitted) ("A government-official defendant sued in his or her personal capacity may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates."); *see Hemphill v. Hamilton*, 381 F. App'x 416, 417-18 (5th Cir. 2010) ("Because negligence does not give rise to a constitutional violation, and a supervisor may not be held liable under theories of vicarious or respondeat superior liability, the district court did not abuse its discretion by dismissing Hemphill's complaint.").

For the foregoing reasons, Plaintiff's claims in Count 9 against Defendants Wilson and Gautreaux should be dismissed with prejudice.

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss. (R. Doc. 22) be **GRANTED IN PART AND DENIED IN PART.** For the reasons set forth above, **Counts 3, 6, 7 and 9** should be **DISMISSED WITH PREJUDICE**.

15

**IT IS FURTHER RECOMMENDED** that, within 21 days of adoption of this Report and Recommendation (or as otherwise ordered by the Court), Plaintiff **shall be ordered to file an Amended Complaint** amending the allegations in **Counts 1, 2, 4, 5, and 8** and addressing the deficiencies set forth above.

**IT IS FURTHER RECOMMENDED** that should Plaintiff fail to file an Amended Complaint as ordered, Counts 1, 2, 4, 5, and 8 shall also be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that any allegations against Defendant "Holmes" be **DISMISSED WITHOUT PREJUDICE** for insufficiency of the pleadings and failure to serve.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Convert (R. Doc. 25) be **DENIED AS MOOT**, with its contents having been considered in opposition to the defendants Motion to Dismiss.

Signed in Baton Rouge, Louisiana, on August 6, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**